JUDGE CROTTY

Martin F. Casey
**CASEY & BARNETT, LLC**
65 West 36th Street, 9th Floor
New York, New York 10018
(212) 286-0225
Attorneys for Plaintiffs

10 CV 3421

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

SHANGHAI BAOMIN IMPORT AND
EXPORT CO., LTD. and DIPAC MANTA
CIA LTDA.,

10 Civ.



         Plaintiffs,

        - against –

M/V KIOWA PRINCESS, her engines,
boilers, tackle, furniture, apparel, etc., *in rem*;
and TBS PACIFIC LINER, LTD., *in
personam*,

        Defendants.
-----------------------------------------------------------X

**COMPLAINT**

      Plaintiffs, by their attorneys, CASEY & BARNETT, LLC, for their Complaint, alleges upon

information and belief, as follows:

      1.     This is an admiralty and maritime claim within the meaning of Rule 9(h) of the

Federal Rules of Civil Procedure.  Jurisdiction is predicated upon 28 U.S.C. §1333 and the

General Maritime Law of the United States.

      2.     At all material times, plaintiff, Shanghai Baomin Import and Export Co., Ltd. was

and is a foreign corporation with a place of business located at 16/F, Xinhai Mansion, No. 661

Yixian Road, Shanghai, China, and was the shipper, owner, and/or assured of a consignment of

prime hot rolled coils, as more fully described below.

3.      At all material times, plaintiff, Dipac Manta CIA Ltda., was and is a foreign corporation with a place of business located at Gualaquiza 295 y La Prensa Quito, Ecuador, Ruc No. 1390060757001 and was the consignee, owner, and/or assured of a consignment of prime hot rolled coils, as more fully described below.

4.      Upon information and belief, defendant, TBS Pacific Liner, Ltd. (hereinafter "TBS"), was and still is a business entity duly organized and existing under the laws of a foreign state, with a place of business located at 612 E. Grassy Sprain Road, Yonkers, New York 10710, and owns, operates, manages and/or charters ships, including the M/V KIOWA PRINCESS, that operate between various foreign and domestic ports and, in particular, within this district and was the owner, owner *pro hac vice*, charterer, manager and/or operator of the M/V KIOWA PRINCESS, and at all relevant times, was and is still doing business within the jurisdiction of this Honorable Court as common carrier of goods by water for hire.

5.      Upon information and belief, at all times hereinafter mentioned, defendant, M/V KIOWA PRINCESS (hereinafter "vessel") was and still is a vessel operated as common carrier of goods in ocean transportation for hire and upon information and belief, is now, or will be during the pendency of this action, within this District and subject to the jurisdiction of this Honorable Court.

6.      Plaintiffs bring this action on their own behalf and as agent and/or trustee on behalf of and for the interest of all parties who may be or become interested in the said consignment, as their respective interests may ultimately appear, and plaintiffs are entitled to maintain this action.

## RELEVANT FACTS

7.      On or about September 28, 2008, a consignment consisting of 35 prime hot rolled coils, then being in good order and condition, was delivered and received into the care, custody

and control of TBS and/or its agents at the port of Shanghai, China for transportation to Guayaquil, Ecudaor in consideration of an agreed upon freight, pursuant to TBS bill of lading number KIO97 SHA/GYE 002 dated September 28, 2008.

8.      Thereafter, the consignment having been loaded aboard the M/V KIOWA PRINCESS, TBS bill of lading number KIO97 SHA/GYE 002 was issued and the vessel sailed for its intended destination.

9.      Following discharge, it was discovered that the consignment was not in the same good order and condition as when received by the defendants, but instead had sustained damages during transit.

10.     As a result of the damages sustained to the shipment, plaintiffs sustained a loss.

11.     The damage to the aforementioned cargo was not the result of any act or omission of plaintiffs but, to the contrary, was due solely as the result of the negligence, fault, neglect, breach of contract of carriage, and bailment on the part of the defendants.

12.     By reason of the foregoing, plaintiffs have sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be $212,445.17.

13.     Plaintiffs and their predecessors in title have performed all of the conditions precedent on their part to be performed under the terms of the said contract.

**WHEREFORE**, Plaintiffs pray:

1.      *In rem* service of process be issued against the M/V KIOWA PRINCESS, her engines, boilers, tackle, furniture, apparel, etc.; that the vessel be seized and that all those claiming an interest in them be cited to appear and answer under oath both all and singular the matters aforesaid;

2.    The M/V KIOWA PRINCESS, her engines, boilers, tackle, furniture, apparel, etc.,

be condemned and sold to satisfy the judgments herein in favor of plaintiffs;

3.    The Court order, adjudge and decree that defendants the M/V KIOWA

PRINCESS and TBS PACIFIC LINER, LTD., be found joint and severally liable and pay to

plaintiffs the losses sustained herein, together with pre-judgment and post judgment interest

thereon and their costs, and;

4.    That this Court grant to plaintiffs such other and further relief as may be just and

proper.

Dated: New York, New York
       April 23, 2010
       222-78

                                        CASEY & BARNETT, LLC
                                        Attorneys for Plaintiffs

                              By:    _Martin F. Casey_
                                        Martin F. Casey
                                        65 West 36th Street, 9th Floor
                                        New York, New York 10018
                                        (212) 286-0225